10-5142-cv
Orlando v. Department of Transportation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand twelve.

PRESENT:
>  DENNIS JACOBS,
>  <u>Chief Judge</u>,
>  RICHARD C. WESLEY,
>  SUSAN L. CARNEY,
>  <u>Circuit Judges</u>.

_____

Felice Orlando,

>  *Plaintiff-Appellant*,

v.                                        10-5142-cv

Department of Transportation, Commissioner,

>  *Defendant-Appellee*.

_____


FOR PLAINTIFF-APPELLANT:          Felice Orlando, <u>pro se</u>,
                                   Waterford, CT

**FOR DEFENDANT-APPELLEE:**         Michael K. Skold, Assistant
                                    Attorney General, for
                                    George Jepsen, Attorney
                                    General,
                                    Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Felice Orlando, pro se, appeals the district court's dismissal of his complaint, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging claims of discrimination, retaliation, and a hostile work environment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review an order granting summary judgment de novo and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine

2

issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

**[1]** In order to make out a prima facie case of discrimination in violation of Title VII, a plaintiff has the burden of establishing that: (1) he is a member of a protected class; (2) he performed the job satisfactorily or was qualified for the position; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Once a plaintiff makes out a prima facie case of discrimination, the burden of production shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the adverse employment decision. See id. The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext for an impermissible motive. See id. at 804-05.

3

Although Orlando alleged that the Appellee failed to promote him, he had been promoted three times. Appellee's failure to promote Orlando in 2007 cannot support a prima facie discrimination finding because he failed the test that was administered for the promotion that year. Therefore, he was not qualified for the position. Absent an adverse employment action, Orlando has not alleged a discrimination claim under Title VII. See, e.g., Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004) (an adverse employment action involves a "materially adverse change in the terms and conditions of employment" (internal quotation marks omitted)).

**[2]** To establish a prima facie Title VII retaliation claim, Orlando would have to show that: (1) he engaged in protected activity under Title VII; (2) the DOT was aware of the activity; (3) he suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse action. See Mack v. Otis Elevator Co., 326 F.3d 116, 129 (2d Cir. 2003). Upon such a prima facie showing, the DOT would bear the burden of showing a legitimate, nonretaliatory reason for the adverse employment action, and, if it made such a showing, Orlando would then have to demonstrate that the reason proffered was

4

pretextual.  See Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001).  As set forth above, Orlando has not shown that he suffered an adverse employment action, and he therefore cannot state a retaliation claim under Title VII.

**[3]**  To prevail on a hostile work environment claim, a plaintiff must show: (1) a workplace "permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile work environment to the employer."  Petrosino v. Bell Atl., 385 F.3d 210, 221 (2d Cir. 2004).  "For racist comments, slurs, and jokes to constitute a hostile work environment . . . there must be more than a few isolated incidents of racial enmity."  Aulicino v. N.Y. City Dep't of Homeless Servs., 580 F.3d 73, 83 (2d Cir. 2009) (internal quotation marks omitted).  "Overall, the quantity, frequency, and severity of the slurs at issue are to be considered cumulatively in order to obtain a realistic view of the work environment."  Id. (internal quotation marks and alterations omitted).

Under Title VII, a complaint must be filed with the Equal Employment Opportunity Commission within 300 days of the alleged unlawful act.  See 42 U.S.C. § 2000e-5(e)(1).

5

However, with respect to hostile work environment claims, consideration is given to "behavior alleged outside the statutory time period, . . . so long as an act contributing to that hostile environment takes place within the statutory time period." Amtrak v. Morgan, 536 U.S. 101, 105 (2002). Although Orlando's deposition testimony reflects that a co-worker called him racial slurs in 1996, Orlando also testified that the co-worker has retired; and there is a dearth of record evidence that Orlando was subjected to similar episodes thereafter. Even if derogatory comments made in 1996 created a hostile work environment, they could not be timely raised as part of Orlando's hostile work environment claim in his 2006 Equal Employment Opportunity Commission complaint.

We have considered Orlando's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

6